**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7585

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES JERMAINE KING, JR., a/k/a Zig-Lah, a/k/a Ziggy, a/k/a Charles Jermaine King, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:08-cr-00041-JPJ-RSB-1; 1:17-cv-81292-JPJ-RSB)

Submitted:  April 19, 2018                     Decided:  May 16, 2018

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles Jermaine King, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Jermaine King seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and denying reconsideration.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that King has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] Although the district court should have construed King's motion as a motion pursuant to Fed. R. Civ. P. 59(e) rather than Fed. R. Civ. P. 60(b), and denied it rather than dismissed it, *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008), as we conclude that King's motion was nonetheless without merit, we also conclude that King is not entitled to a certificate of appealability regarding the denial of his motion for reconsideration.

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*